# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| VICTOR CLAYE BARNES, ) | |
| AIS # 00313583 ) | |
|    Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:21-00361-TFM-N |
| ) | |
| CHRISTOPHER GORDY *et al.*, ) | |
|    Respondents. ) | |

## **REPORT AND RECOMMEDATION**

Petitioner Victor Claye Barnes, an Alabama prisoner proceeding *pro se*, filed the instant petition seeking habeas corpus relief under 28 U.S.C. § 2254. (Doc. 1). The District Judge assigned to this case referred this petition to the undersigned Magistrate Judge for appropriate action. *See* S.D. Ala. GenLR 72(b); (8/18/2021 electronic reference). Barnes did not pay the filing fee or submit a motion for leave to proceed *in forma pauperis* upon filing his petition. Also, while Barnes's § 2254 petition appears to be filed using a court form, the form is not the one used in the Southern District of Alabama. (*See* Doc. 1). Accordingly, the Court ordered Barnes to (1) "pay the statutory $5.00 filing fee or file a motion for leave to proceed *in forma pauperis*" and (2) "refile his § 2254 petition using the Court's form" no later than September 23, 2021. (Doc. 6, PageID.3). After he missed this deadline, the Court afforded Barnes another opportunity to pay the filing fee and file an amended § 2254 petition by November 15, 2021. (Doc. 7). On both occasions, the Court warned Barnes that "failure to comply with this Order within the prescribed time or to advise the Court of future changes in address will result in a recommendation that the petition be

dismissed without prejudice for failure to prosecute and to obey the Court's Order." (Doc. 6, PageID.3; *see also* Doc. 7, PageID.6).

To date, Barnes has not complied with either directive in the Court's Orders: he has yet to pay the filing fee or file a motion for leave to proceed *in forma pauperis*, and he has not refiled his § 2254 petition on the Court's form. The Court's Orders were not returned as undeliverable, and a review of the Alabama Department of Correction's inmate directory indicates that Barnes is still located at the address on record.

## I. *Dismissal*

A federal district court is authorized to dismiss a case *sua sponte* for failure to prosecute under both Federal Rule of Civil Procedure 41(b) and its inherent power to manage its docket. *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005); *see also* S.D. Ala. CivLR 41(c) ("Whenever it appears that the Plaintiff is not diligently prosecuting the action, the Court upon notice may dismiss the action for failure to prosecute, in accordance with applicable law."). Here, Barnes failed to comply with the Court's orders to pay the filing fee and file an amended § 2254 petition despite being given two opportunities to do so. Upon consideration of these facts and of the alternatives available to the Court, the undersigned **RECOMMENDS** that this action be **DISMISSED without prejudice** for failure to prosecute, under both Rule 41(b) and the Court's inherent authority, as no other lesser sanction will suffice. *Link v. Wabash R. R.*, 370 U.S. 626, 630 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss *sua*

*sponte* an action for lack of prosecution); *World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456-57 (11th Cir. 1995); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1983); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983).

## II.  *Certificate of Appealability*

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in a § 2254 proceeding. Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts. "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court." 28 U.S.C. § 2253(c)(1)(A). "A certificate of appealability may issue 'only if the applicant has made a substantial showing of the denial of a constitutional right.'" *Spencer v. United States*, 773 F.3d 1132, 1137 (11th Cir. 2014) (en banc) (quoting 28 U.S.C. § 2253(c)(2)). "A prisoner seeking a COA must prove something more than the absence of frivolity or the existence of mere good faith on his or her part." *Miller-El*, 537 U.S. at 338 (quotations omitted). However, "a COA does not require a showing that the appeal will succeed." *Id.* at 337. Upon due consideration, the undersigned **RECOMMENDS** that Barnes be **DENIED** a Certificate of Appealability in conjunction with the denial of his present § 2254 petition, as reasonable jurists would not debate whether his § 2254 petition should be resolved in a different manner or that any of the issues

3

presented is adequate to deserve encouragement to proceed further.[1]

## III. *Appeal* In Forma Pauperis

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3).

> A party demonstrates good faith by seeking appellate review of any issue that is not frivolous when examined under an objective standard. *See Coppedge v. United States,* 369 U.S. 438, 445, 82 S. Ct. 917, 921, 8 L. Ed. 2d 21 (1962). An issue is frivolous when it appears that "the legal theories are indisputably meritless." *Carroll v. Gross,* 984 F.2d 392, 393 (11th Cir. 1993) (citations omitted). In other words, an IFP action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact." *Bilal v. Driver,* 251 F.3d 1346, 1349 (11th Cir. 2001). More specifically, "arguable means capable of being convincingly argued." *Sun v. Forrester,* 939 F.2d 924, 925 (11th Cir. 1991) (internal quotations and citations omitted). Nevertheless, where a "claim is arguable, but ultimately will be unsuccessful," it should be allowed to proceed. *Cofield v. Ala. Pub. Serv. Comm'n,* 936 F.2d 512, 515 (11th Cir. 1991).

*Ghee v. Retailers Nat. Bank*, 271 F. App'x 858, 859–60 (11th Cir. 2008) (per curiam) (unpublished). Having considered these issues, the undersigned **RECOMMENDS** the Court **CERTIFY** that any appeal by Barnes of the denial of the present § 2254 petition would be without merit and therefore not taken in good faith, thus denying him entitlement to appeal *in forma pauperis*.[2]

---

[1] If the Court adopts the undersigned's recommendation to decline to issue Barnes a COA, he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

[2] Barnes may file a motion to proceed on appeal *in forma pauperis* with the Eleventh Circuit Court of Appeals in accordance with Federal Rule of Appellate Procedure 24(a)(5).

## IV. *Conclusion*

In accordance with the foregoing analysis, the undersigned **RECOMMENDS** that Barnes's 28 U.S.C. § 2254 petition (Doc. 1) dated June 22, 2021, be **DISMISSED without prejudice**; that the Court find Barnes does not qualify for a Certificate of Appealability or to proceed *in forma pauperis* on appeal; and that final judgment be entered accordingly under Federal Rule of Civil Procedure 58.

**DONE** this the 23rd day of November 2021.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within 14 days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts; S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.